IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LAWRENCE MAYES,                      )
                                     )
       Plaintiff,             )
                                     )
                                     )     CIV-07-918-F
v.                                   )
                                     )
OKLAHOMA COUNTY JAIL, et al.,        )
                                     )
       Defendants.            )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. The matter has been referred by the Honorable Stephen Friot, United States District Judge, to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Based on the following findings, it is recommended that the cause of action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim for relief.

I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the plaintiff has asserted claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

1

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id.  A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Amended Complaint

Plaintiff filed an original, hand-written Complaint that was not on the proper form for 42 U.S.C. § 1983 civil rights actions. Plaintiff was advised by Order entered September 27, 2007, that the original Complaint was deficient in many respects under Fed. R. Civ. P. 8(a). Plaintiff was specifically instructed in the Order entered September 27, 2007, that in order to state a claim for relief under 42 U.S.C. § 1983, he must allege the "personal participation" of defendants who are acting under color of state law. Order, at 2 (quoting Mitchell v.

Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). Plaintiff was further advised that an Eighth Amendment claim based on alleged deliberate indifference to serious medical needs requires evidence of a sufficiently serious medical need and that the defendant knew of and disregarded an excessive risk to inmate health or safety. Order, at 3 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994), and Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)). In response to this Order, Plaintiff filed an Amended Complaint on the proper form.

Plaintiff names the following Defendants in his Amended Complaint: Oklahoma County Jail and Lexington Assessment and Reception Center. In his Amended Complaint, Plaintiff alleges that on November 9, 2005, while he was being detained in the Oklahoma County Jail, he woke up and observed in a mirror that the left side of his face was "drooping." According to Plaintiff, his cellmate stated Plaintiff "look[ed] like I had a stroke." Plaintiff alleges that a jail official on duty "notice[d] the problem and call[ed a] medical nurse." Plaintiff asserts that he was then taken to the jail's medical clinic where he was examined by a nurse and then examined by a physician. He alleges the physician advised him that "thiers [sic] nothing they can do." Plaintiff states that the physician ordered blood pressure medication and a liquid diet for Plaintiff and transferred Plaintiff to the medical floor of the jail. Plaintiff asserts that two weeks later he was transferred to the Lexington Assessment and Reception Center ("LARC") and that during processing he advised a nurse "about what happen[ed] at the Oklahoma Couty [sic] jail." Plaintiff states he advised the nurse he was taking medication for depression and high blood pressure. Plaintiff asserts he was then examined by a physician at LARC who advised him there is no

medication to treat Bell's Palsy. Plaintiff asserts that he became depressed and was having suicidal thoughts, that he was then seen by a mental health staff member, and that he was placed on "suicide watch" in a separate room.

Based on these facts, Plaintiff asserts that the medical staff and physicians at the Oklahoma County Jail and LARC "willful [sic] neglect [sic]" to treat his Bell's Palsy, that there is medication to treat this condition but that defendants "fail[ed] to research the virus," and that he has headaches and blurred vision and could have a brain tumor. As relief, Plaintiff requests monetary damages and to be evaluated by a physician "at a public hospital" at the State's expense.

III. <u>Analysis</u>

As support for his assertion that he is entitled to damages against Defendants Oklahoma County Jail and LARC, Plaintiff has attached to the Amended Complaint a two-page print-out of information from an unknown source entitled "Bell's Palsy." Plaintiff has also attached to the Amended Complaint copies of two requests for medical services submitted by Plaintiff at Oklahoma State Penitentiary in June and July 2007 and a copy of a Request to Staff form completed by Plaintiff in June 2007 at Oklahoma State Penitentiary. In this latter form, Plaintiff stated that his eyeglasses were not improving his vision and he asked to have his eyes examined again. In response to this Request to Staff, the prison staff member advised Plaintiff on the same form that he would be scheduled to see a medical professional.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to

an inmate violates the Eighth Amendment." Farmer, 511 U.S. at 828. A prison official acts with deliberate indifference when the official "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. This standard for Eighth Amendment liability requires proof that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and the official "must also draw the inference." Id.

Assuming that Plaintiff's allegations are true, Plaintiff has failed to state a claim under the Eighth Amendment with respect to his Bell's Palsy condition. The only symptom he described at the time the condition was initially diagnosed was "drooping" facial muscles. Plaintiff admits he was examined by medical staff, including nurses and physicians, at the Oklahoma County Jail and later at LARC in connection with this condition. In both instances, Plaintiff was advised by the examining physicians that no course of treatment was medically necessary, indicating the condition was mild.

Plaintiff has alleged only a difference of opinion with the physicians regarding proper medical treatment, and not deliberate indifference. See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999)(prisoner who disagrees with a diagnosis or prescribed course of treatment does not state constitutional violation). Moreover, there is nothing in the Plaintiff's allegations reflecting that the Bell's Palsy condition obviously required medical skill or special treatment that the Oklahoma County Jail or LARC medical staff could not provide during his detention at the jail or during his incarceration at LARC.[1]

---

[1] Plaintiff is currently incarcerated at Oklahoma State Penitentiary, and Plaintiff has not named any Oklahoma State Penitentiary official as a defendant.

Consequently, the failure to refer Plaintiff for treatment outside of the Oklahoma County Jail or LARC does not constitute deliberate indifference to his serious medical needs. See Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992)(prisoner's subjective belief that he needed additional medication or treatment by a specialist was insufficient to establish constitutional violation).

Moreover, Plaintiff has named only the Oklahoma County Jail and LARC as Defendants in this action. Plaintiff has failed to allege that a policy or custom promulgated by the Oklahoma County Jail or LARC has caused a constitutional deprivation. See Monell v. Dep't of Social Services, 436 U.S. 658, 690-691 (1978)(§ 1983 action against municipal or local government entity requires showing of official policy or custom that caused constitutional deprivation); Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998). Plaintiff points only to a provision in an Offender Orientation Manual stated that an inmate with existing medical conditions "needing further attention" will be seen and evaluated by an institutional physician before leaving LARC. Plaintiff does not allege the existence of an unconstitutional policy, but rather alleges that certain medical treatment was not provided or was delayed. Plaintiff's allegations are not sufficient to state a claim against either Defendant under 42 U.S.C. § 1983.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim for relief. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C.

§1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___November 6th___, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___17th___ day of ___October___, 2007.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE